**BEVERAGE MARKETING USA, INC.,** a New York Corporation and Hornell Brewing Co., Inc., a New York Corporation, Plaintiffs–Appellants,

v.

**SOUTH BEACH BEVERAGE CORPORATION,** a Connecticut Corporation, and John Bello, an adult individual, Defendants–Appellees.

No. 00–9578.

United States Court of Appeals, Second Circuit.

June 3, 2002.

Joseph F. Posillico, Synnestvedt & Lechner, Philadelphia, PA, for Appellants.

Tom J. Ferber, Pryor Cashman Sherman & Flynn, N.Y., NY, for Appellees.

Present FEINBERG, KEARSE and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiffs Beverage Marketing USA, Inc., *et al.* (collectively "BMUSA"), appeal from a judgment of the United States District Court for the Southern District of New York, Lawrence M. McKenna, *Judge,* dismissing their claims asserted principally under the Lanham Act, 15 U.S.C. § 1125(a), against defendants South Beach Beverage Corporation *et al.* for trade dress infringement with respect to the shape of the bottle used for BMUSA's Arizona line of beverages. On appeal, BMUSA contends principally that the district court failed to consider all of the *Polaroid* factors, *see Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492, 495 (2d Cir.) ("*Polaroid*"), *cert. denied,* 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961), and failed to balance those factors correctly. Finding no basis for reversal, we affirm.

██ The *Polaroid* analysis is not a "mechanical measurement[;] . . . [the] court should focus on the ultimate question of whether consumers are likely to be confused." *Nora Beverages, Inc. v. Perrier Group of America, Inc.,* 269 F.3d 114, 119 (2d Cir.2001) ("*Nora II* ") (internal quotation marks omitted); *see also Nabisco, Inc. v. Warner Lambert Co.,* 220 F.3d 43, 46 (2d Cir.2000) ("*Nabisco* ") (ultimate question in a Lanham Act case is "whether consumers are likely to be confused") (internal quotation marks omitted). While "no one factor is necessarily dispositive, any one factor may prove to be so." *Nora II,* 269 F.3d at 119. For example, the factor focusing on "similarity of the marks" can be dispositive and warrant summary judgment for the defendant "if the court is satisfied . . . that the marks are so dissimilar that no question of fact is

presented." *Nabisco*, 220 F.3d at 46 (internal quotation marks omitted).

■ In an "action for trade dress infringement each aspect should be viewed in relation to the entire trade dress." *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 164 F.3d 736, 744 (2d Cir. 1998) ("*Nora I*") (internal quotation marks omitted). That is, in addition to considering individual elements of the packaging, the court should consider "the total package," *i.e.*, "consider the elements for which protection is claimed in the context of the entire trade dress." *Id.; see also Nora II*, 269 F.3d at 122 ("appropriate test for similarity of trade dress is the overall impression of the products and the entirety of the trade dress[;] ... a mark may not be dissected in order to prove similarity"). The " 'presence and prominence of markings tending to dispel confusion as to the origin, sponsorship or approval of the goods in question ... can go far towards eliminating any possible confusion.' " *Nora I*, 164 F.3d at 744 (quoting *Bristol–Myers Squibb Co. v. McNeil P.P.C., Inc.*, 973 F.2d 1033, 1046 (2d Cir.1992)).

■ With respect to a trade dress infringement claim involving the shape of a bottle, it is thus appropriate for the court to consider the bottle not in isolation but rather with its label, as it is sold in commerce; and in order to prevail on such a claim the plaintiff must show that the allegedly infringing bottle, bearing the label with which it is sold in commerce, is likely to confuse consumers as to its source or sponsorship. *See Nora II*, 269 F.3d at 118–19. In *Nora II*, a trade dress infringement action involving the shape of water bottles, we held that the "presence of the prominent and distinctive labels alone negates any possibility of a likelihood of confusion and provides sufficient basis for affirming the district court's grant of summary judgment." 269 F.3d at 123; *see*

*id.* at 122 ("labels must be considered in the likelihood of confusion analysis" (internal quotation marks omitted), because they can be an "integral, if not dispositive, factor[ ] in determining overall similarity of trade dress").

■ In the present case, we are unpersuaded by BMUSA's contention that the district court improperly failed to consider the *Polaroid* factors or to weigh them in accordance with these principles. In its Memorandum and Order dated November 14, 2000 ("Order"), the court stated as follows:

> In the Second Circuit, there are eight factors that guide courts in determining whether there is a likelihood of confusion. *See Cadbury Beverages, Inc. v. Cott Corp.*, 73 F.3d 474, 478 (2d Cir. 1996) (citing *Polaroid v. Polarad Elec. Corp.*, 287 F.2d 492, 495 (2d Cir.1961)).
>
> > These factors are: "[1] the strength of the plaintiff's mark; [2] the degree of similarity between the two marks; [3] the proximity of the products; [4] the likelihood that the prior owner will bridge the gap ... [5] actual confusion; [6] the defendant's good faith in adopting its mark; [7] the quality of the defendant's product; and [8] the sophistication of the buyers."

Order at 4–5 (quoting *Nora I*, 164 F.3d at 745). The court then weighed the factors and found against BMUSA on the ultimate issue of likelihood of confusion:

> [D]efendants are entitled to summary judgment dismissing the trade dress claims because there are no facts in dispute sufficient to support a likelihood of confusion between the plaintiffs' and defendants' bottles. *Comparing the bottles, with the labels properly on them*, unlike plaintiffs' survey comparison of the bottles with that very significant element of their trade dress removed, the

Court holds that a reasonable jury properly considering the aforementioned factors, could not find a likelihood of confusion. Plaintiffs' survey, as well as the alleged incidents of actual confusion, are insufficient to establish a genuine issue of material fact regarding the likelihood of confusion.

*Id.* at 5–6 (emphasis added).

The district court's balancing of the *Polaroid* factors to determine the likelihood of confusion is reviewed de novo. *See, e.g., Fun–Damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F.3d 993, 1003 (2d Cir. 1997); *Bristol–Myers Squibb Co. v. McNeil–P.P.C., Inc.*, 973 F.2d at 1043. Taking the record in the light most favorable to BMUSA as the party opposing summary judgment, and drawing all reasonable factual inferences in its favor as to every individual *Polaroid* factor, we see no error in the district court's conclusion that, when the bottles are viewed with their respective labels attached, there is no likelihood of confusion.

■ BMUSA also argues that the district court improperly dismissed its dilution claim, *see* 15 U.S.C. § 1125(c). We disagree. To establish dilution, "[t]he marks must be of sufficient similarity so that, in the mind of the consumer, the junior mark will conjure an association with the senior." *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 218 (2d Cir. 1999); *see also Mead Data Central, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 875 F.2d 1026, 1029 (2d Cir.1989) (in order to establish dilution, the plaintiff must demonstrate use of a " 'very' or 'substantially' similar" trademark). Because the overall trade dresses in this case are dissimilar, no rational juror could conclude that defendants' bottle causes dilution.

We have considered all of BMUSA's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.